

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. H. Dally
County Attorney
Hutchinson County
Borger, Texas

Dear Sir:

Opinion Number 0-5549
Re: Under the provisions of House
Bill No. 746, 48th Legislature,
may the Commissioners' Court of
Hutchinson County, legally in-
vest the Lateral Road Funds of
said county in obligations of
the United States of America?

We have your letter of recent date reading as follows:

"On August 2nd our County Judge was in your
office and talked to your Mr. Funderburk in refer-
ence to whether a County may invest Lateral Road
Funds in Defense Bonds or other obligations of the
United States. As your department had not passed
on that question Mr. Funderburk could not answer
the question, although he did give the Judge a
copy of your opinion No. 0-5278 holding that a
balance in the General Fund may be so invested.

"Hutchinson County now has on hand approximate-
ly $50,000.00 in Lateral Road Funds received under
what is known as the 'Road Bond Assumption Act,'
the latest enactment of which is S. B. 39 of the
48th Legislature, such funds having been received
through the apportionment to the counties in the
year of 1941, and through the original refund and

apportionments for prior years. The Commission-
ers' Court finds it impractical to undertake road
construction or improvement, using these funds,
during the present emergency.

"Under S. B. 89 of the 48th Legislature, as
well as under prior enactments of this law, the
funds on hand (Sec. 6, (h), (4)) may be used as
follows:  (a) 'for the acquisition of right-of-
ways for county lateral roads and for the payment
of legal obligations incurred therefor prior to
January 2, 1939; (b) for the construction or im-
provement of county lateral roads; (c) for the
purpose of supplementing funds appropriated by
the United States Government for Works Progress
Administration highway construction, and such
other grants of Federal Funds as may be made
available to the counties of this state for
county lateral road construction; and (d) for
the purpose of cooperating with the State High-
way Department and the Federal Government in the
construction of farm-to-market roads.'  Section
9 of S. B. 89, as well as prior enactments of the
law, provides 'It shall be unlawful for any County
Judge or any County Commissioner, while acting in
his official capacity or otherwise, to use any
money out of the Lateral Road Account for any pur-
pose except the purposes enumerated in this Act.'
And fixes a penalty for knowingly violating this
provision.

"H. B. 746 of the 48th Legislature, heretofore
construed by you in reference to investing General
Funds of the County, provides as follows:

" 'All political subdivisions of the State of
Texas which have balances remaining in their ac-
counts at the end of any fiscal year may invest
such balances in Defense Bonds or other obliga-
tions of the United States of America; provided,
however, that when such funds are needed the

732

obligations of the United States in which such
balances are invested shall be sold or redeemed
and the proceeds of said obligations shall be
deposited in the accounts from which they were
originally drawn.'

"The Lateral Road Funds draw no interest as
now on deposit in the County Depository.  It is
the desire of the Commissioners' court to invest
a major portion of this $50,000.00 Lateral Road
Funds in United States Obligations so that the
Federal Goverrment may have the use of it and
also that the County may receive some return on
the investment rather than let the funds remain
dormant for the duration.

"Under the provisions of H. B. 746, and S.B.
39, both passed by the 48th Legislature, may our
Commissioners' Court legally invest the Lateral
Road Funds of our County in obligations of the
United States of America?"

Replying to the foregoing inquiry it is our opinion
that counties having balances remaining in their Lateral Road
Account at the end of any fiscal year may invest such balances
in defense bonds or other obligations of the United States of
America.  We think that such an investment would not constitute
"use" of the money in violation of the provisions of S. B. 39,
since there would be no diversion of same.  The bonds could be
sold or redeemed and the money used for the purposes enumerated
in S. B. 89 whenever needed for such purposes.

APPROVED 2, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *C. F. Gibson*

C. F. Gibson
Assistant

CFG-s